Alvin Herring, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Simon B. John,* of *John & John,* for appellant.

*Harold H. Cramer,* with him *Michael R. Deckman* and *Ward T. Williams,* Assistant Attorneys General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILLIAMS, JR., April 18, 1980:

This is an appeal from an order of the Court of Common Pleas of Fayette County, Pennsylvania, af-

firming the suspension of appellant Alvin Herring's driver's license for his refusal to submit to a breathalyzer test.

On February 23, 1978, Alvin Herring drove his car into other cars parked on a street in Uniontown, Fayette County. When police Officer Earl Wright approached the scene, he detected the smell of alcohol on Herring's breath and observed that Herring spoke in a slurred manner. Officer Wright testified that he arrested the appellant at that time for driving under the influence of alcohol, and that his reason for doing so was because of the smell of alcohol, the slurred speech, and because the appellant had driven into parked cars when the roads were dry.

Because the appellant appeared to be physically injured from the accident, Officer Wright decided to take him to Uniontown Hospital, despite the appellant's statement that he did not wish to go. Officer Wright further testified that Herring had to be helped in walking from his car to the police car, and from the police car to the hospital.

Enroute to the hospital, Officer Wright asked the appellant if he would take a breathalyzer test, but the appellant refused. About 45 minutes after they arrived at the hospital the police officer again asked Herring to take a breathalyzer test, and again the appellant refused. At that point the Officer advised the appellant that he would lose his license for refusing to take the test, but still got a refusal. When the Officer started to leave the hospital, the appellant asked the Officer if he was not going to "talk" him "into taking" the test.

The testimony of Officer Wright shows that he had Herring under his custody and control, from the time the Officer first approached him at the accident scene and until at least the time they arrived at the hospital. That custody and control constituted an arrest. *Com-*

*monwealth v. Miles*, 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). The fact of that original arrest of Herring was not negated because the Officer left the appellant in the medical care of the hospital at a later point.

The next day, February 24, 1978, the appellant was formally charged with driving under the influence of alcohol. On March 28, 1978, a hearing was had on those charges before a magistrate; and the charges were dismissed. That notwithstanding, the Bureau of Traffic Safety of the Department of Transportation, on March 23, 1978, mailed written notice to the appellant that his driver's license was being suspended for six months, for his knowingly and consciously refusing to take a breathalyzer test, under Section 1547(b)(1) of the Vehicle Code, 75 Pa. C.S. §1547(b)(1). From that suspension Alvin Herring appealed to the Court of Common Pleas of Fayette County. After a hearing, that court dismissed Herring's appeal and affirmed the suspension of his license. It is that order which is now on appeal before this Court.

The appellant raises four contentions as grounds for appellate relief: (1) that the lower court erred in finding he had knowingly and consciously refused to take the test; (2) that the police did not have reasonable grounds to believe the appellant was driving under the influence of alcohol; (3) that the Commonwealth did not prove he was placed under arrest for driving under the influence of alcohol; and (4) that appellant was not advised of the right to have his own physician administer a breathalyzer test. We find no merit in any of these contentions.

This Court has held that for suspensions under Section 1547 the Commonwealth must prove the following: (1) that the defendant was placed under arrest upon the charge of driving while intoxicated, and the arresting Officer had reasonable grounds to believe

the defendant was driving while intoxicated; (2) that he was requested to submit to a breathalyzer test; and (3) that he refused to do so. *Department of Transportation, Bureau of Traffic Safety v. Kelly,* 18 Pa. Commonwealth Ct. 490, 335 A.2d 882 (1975). The testimony of Officer Earl Wright was sufficient to establish each of those elements. Additionally, new Section 1547(b)(2) requires that the driver be warned that a suspension or revocation of his license will follow from a refusal to submit to a breathalyzer test. *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979). It is clear from Officer Wright's testimony that he gave the appellant the required warning.

The Commonwealth having proved the above elements, the burden of proof then shifted to the appellant to prove that he was physically incapable of making a knowing and conscious refusal to take the breathalyzer test. *Commonwealth v. Passarella,* 7 Pa. Commonwealth Ct. 584, 300 A.2d 844 (1973). Whether a driver is incapable of making a knowing and conscious refusal is a question of fact for the fact-finder, in this case the lower court. Regardless of the evidence of Herring's physical injuries, the lower court had the power to infer from all the evidence that he was capable of making a knowing refusal, or to reject his testimony that he suffered from an incapacity to do so. It is not for this Court to disturb that factual determination by the Court of Common Pleas of Fayette County in that regard.

The appellant also complains that he was not advised of his right to have his own physician administer an additional breathalyzer test, as permitted by Section 1547(h) of the Vehicle Code. 75 Pa. C.S. §1547(h). We see nothing in the grant of that right which requires the police to inform the driver of the

right. *See, Commonwealth v. Knaub*, 226 Pa. Superior Ct. 526, 323 A.2d 366 (1974). *Commonwealth v. Hoover*, 55 Pa. D. & C. 2d 34 (1971). Nor do we find in the existence of that right an immunity from the consequences of a refusal, simply because the driver was not told of that right.

In cases of license suspension for refusal to take a breathalyzer test, the Commonwealth Court's scope of review is limited to determining whether the lower court's findings are supported by the evidence, whether an error in law has been committed, and whether the lower court's decision is abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Shultz*, 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). We find no infirmity of those dimensions; and therefore, we affirm the order of the lower court.

ORDER

AND Now, the 18th day of April, 1980, the Order of the Court of Common Pleas of Fayette County, Pennsylvania, in the above matter, dated October 10, 1978, is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.