Raymond M. Pratt, II, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs, June 4, 1981, to Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Peter D. Solymos, Markowitz, Kagen & Griffith,* for appellant.

*Robert C. Bell,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE MacPHAIL, September 24, 1981:

Raymond M. Pratt, II (Appellant), appeals from an order of the Honorable JOSEPH E. ERB of the Court of Common Pleas of York County, affirming the suspension of Appellant's driver's license, pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b), for his refusal to submit to a breathalyzer test. We affirm.

Our scope of review in cases of this nature is to determine whether the findings of fact of the court below are supported by competent evidence and whether errors of law have been committed. *Spirer v. Commonwealth,* 52 Pa. Commonwealth Ct. 381, 416 A.2d 587 (1980). The gravamen of Appellant's challenge in this appeal is that the lower court erred in concluding that he was able to make a knowing and conscious refusal to submit to the breathalyzer test. Whether a driver is capable of making a knowing and conscious refusal to take the test is a question of fact for the lower court. *Herring v. Commonwealth,* 50 Pa. Commonwealth Ct. 608, 413 A.2d 1171 (1980).

In the instant case the evidence included the testimony of a state policeman who expressed the opinion that the Appellant was sufficiently sober to comprehend the nature of the request that he take the breathalyzer test at the time he refused to do so. The trial judge found that testimony to be credible, notwithstanding evidence from the Appellant to the contrary. It is the function of the lower court, of course, to decide issues of credibility and reconcile conflicts in the evidence. *Spirer.*

Our law is now clear that the driving privileges of an operator may be suspended for refusal to take a breathalyzer test where the driver was: 1) placed under arrest for driving while under the influence of intoxicating liquor; 2) was requested to submit to a breathalyzer test; 3) refused to do so; and 4) is warned that his license will be revoked if he refuses to take the test. *Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980). After a careful review of the record in this case, we are well satisfied that the Commonwealth has met its burden to prove each of those elements. Further, we conclude that the court appropriately resolved conflicting testimony, that the findings of fact are supported by competent evidence and that no errors of law were made.[1]

Order affirmed.

#### ORDER

AND Now, this 24th day of September, 1981 the order of the Court of Common Pleas of York County,

---

[1] Since we affirm the lower court's finding that Appellant was capable of making a knowing and conscious refusal to submit to the breathalyzer test, we need not address the Department's contention that a driver may not use extreme intoxication as a valid defense to his refusal to submit to the test. Furthermore, there is nothing in the record to indicate that this issue was raised before the trial court. The issue, therefore, has been waived. *Department of Transportation, Bureau of Traffic Safety v. Searer,* 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157 (1980).

dated November 14, 1979 and filed to No. 79-S-639, is hereby affirmed.