In Re: Appeal From Suspension of Operating Privileges of Patricia L. Capozzoli.

Patricia L. Capozzoli, Appellant.

Argued October 7, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT sitting as a panel of three.

412

*Robert N. Clarke, Clarke & Curran,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, December 24, 1981:

Patricia L. Capozzoli (appellant) appeals here from an order of the Court of Common Pleas of Washington County, affirming a six-month suspension of her driving privileges pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b). She had refused to submit to a breathalyzer test. We affirm.

Our scope of review in cases of this nature is to determine whether or not the findings of fact of the court below are supported by competent evidence and whether or not errors of law have been committed. *Spicer v. Commonwealth,* 52 Pa. Commonwealth Ct. 381, 416 A.2d 587 (1980). To sustain a suspension under Section 1547(b) of the Code, the Commonwealth must prove that the driver was (1) placed under arrest for driving while under the influence of alcohol; (2) was requested to submit to a breathalyzer test; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct.

22, 420 A.2d 13 (1980). Once the Commonwealth proved these elements, which it did, the burden of proof then shifted to the appellant to prove by competent evidence that she was incapable of making a knowing and conscious refusal to take the test, *Herring v. Commonwealth,* 50 Pa. Commonwealth Ct. 608, 413 A.2d 1171 (1980), and whether a driver is capable of making such knowing and conscious refusal is a question of fact for the court below. *Pratt v. Department of Transportation, Bureau of Traffic Safety,* 62 Pa. Commonwealth Ct. 55, 434 A.2d 918 (1981).

The arresting police officer testified here that he had repeatedly asked the appellant to submit to a breathalyzer test and had advised her that her operator's license would be suspended if she refused, but that she had refused the test each time the request was made. He further testified that the appellant's answers to his requests that she take the test as well as her attitude throughout the period involved had led him to conclude that her refusals had been knowing and informed. The appellant testified that she had no memory of the events in question because she had "totally blacked out" as a result of her consumption of alcoholic beverages. She argues here that the allegedly extreme state of her intoxication rendered her incapable of making a conscious and knowing refusal.

Questions of credibility and resolution of testimonial conflicts are for the court which hears the testimony. *McMahon v. Commonwealth,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978). It was, therefore, within the province of the trial judge to accept as credible evidence the testimony of the police officer rather than to accept the self-serving unsupported statements of the appellant. *Pratt.* Factual determinations of the court below which are supported by competent evidence will not be disturbed by this Court upon review. *Herring.*

414

Accordingly, we affirm the order of the court below.

ORDER

AND Now, this 24th day of December, 1981, the order of the Court of Common Pleas of Washington County in the above-captioned matter is affirmed.