James Louis Phillips, Appellant v. Commonwealth of Pennsylvania, Appellee.

Submitted on briefs April 2, 1984, to Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Wallace A. Murray, Wisler, Pearlstine, Talone, Craig & Garrity,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, July 27, 1984:

James Louis Phillips (Appellant) appeals here from an order of the Court of Common Pleas of Montgomery County (trial court) affirming the suspension of Appellant's motor vehicle operator's license pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b), for his refusal to submit to a breathalyzer test. We affirm.

On January 31, 1982, Officers George DePetrillo and Gary J. Penna of the Norristown Police Department responded to a report of an altercation at a local tavern. According to the testimony of the two officers adduced before the trial court, Appellant was found sitting inside his automobile while an injured person was sitting on the hood. When Officer Penna reached into Appellant's automobile to turn off the ignition, Appellant drove off injuring Officer Penna. Officer DePetrillo then pursued Appellant to the local hospital where Appellant was admitted and treated for a severed finger incurred during the altercation at the tavern. Officer DePetrillo testified that while at the hospital he informed Appellant that he was under arrest and requested three times that he submit

to a chemical test of his breath. Appellant denied each request. Appellant also refused the officer's request that he submit to a blood test to be administered by hospital personnel. According to Officer DePetrillo Appellant was informed that a refusal to submit to these tests would result in a revocation or suspension of his license.

Thereafter, the Department of Transportation (Department) notified Appellant that his motor vehicle operating privileges were being suspended for a period of six months for refusing to take a breathalyzer test. From that suspension Appellant appealed to the trial court. Following a hearing *de novo*, the trial court entered an order dismissing the appeal and affirming the suspension. This appeal followed.[1]

It is well settled that an operator's driving privileges may be suspended for refusal to submit to a breathalyzer test where the driver involved (1) was placed under arrest for driving while under the influence of alcohol, and that the arresting officer had reasonable grounds to believe the operator was driving while intoxicated; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was warned that his license will be revoked if he refuses to take the test. *Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980). The burden of proof is on the Department to prove each of these elements. *Pratt v. Department of Transportation, Bureau of Traffic Safety,* 62 Pa. Commonwealth Ct. 55, 434 A.2d 918 (1981). Once the Department has proven the above elements, the burden then shifts to the driver to prove that he was physically incapable

---

[1] Our scope of review in cases of this nature is to determine whether the findings of fact of the court below are supported by competent evidence and whether errors of law have been committed. *Giltinan v. Commonwealth,* 68 Pa. Commonwealth Ct. 96, 447 A.2d 1129 (1982).

of making a knowing and conscious refusal to take the test. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981).

Appellant initially contends that the suspension of his driving privileges should not be sustained because he was never informed that the reason for his arrest was that he was driving while under the influence of alcohol. Whether a driver has been placed under arrest for purposes of Section 1547(b)(1) of the Code is a factual rather than a legal determination, and all that is necessary is that the driver be under the custody and control of the person effecting the arrest. *Commonwealth v. Ebert,* 31 Pa. Commonwealth Ct. 82, 375 A.2d 837 (1977). No formal declaration of arrest is even required. *Gresh v. Department of Transportation, Bureau of Traffic Safety,* 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983). Here, Officer DePetrillo did specifically inform Appellant that he was under arrest which more than satisfies the requirements for an arrest under Section 1547-(b) so as to require Appellant to submit to a chemical test.[2]

Appellant next contends that he does not recall the police officer asking him to take a breathalyzer test. As noted previously, Officer DePetrillo testified that he asked Appellant to submit to a breathalyzer test three times within a five minute period and each request was refused. The officer further testified that he asked Appellant to submit to a blood test which also was refused. Appellant testified that he did not recall being asked to submit to any test. Questions of credibility and resolution of testimonial conflicts are for the trial court. *Spirer v. Commonwealth,* 52

---

[2] Officer DePetrillo testified that his belief that Appellant was driving under the influence of alcohol was based on the manner in which Appellant was driving, the strong odor of alcohol on his breath and the condition of his eyes.

Pa. Commonwealth Ct. 381, 416 A.2d 587 (1980). It was proper, therefore, for the trial court to accept as credible the testimony of the police officer rather than accept that of Appellant. This Court will not disturb factual determinations made by the trial court which are supported by competent evidence.

Appellant's final contention is that there was available a blood sample taken at the hospital which could have been used for testing purposes. First, the record does not indicate that such a blood sample did exist and was available for testing purposes. Second, Section 1547(b) of the Code clearly provides that once a driver is requested to submit to a chemical test and refuses to do so, the Department is then required to suspend his operating privileges. *Department of Transportation, Bureau of Traffic Safety v. Shauer,* 77 Pa. Commonwealth Ct. 125, 465 A.2d 101 (1983). Here, Appellant refused three times to take a breathalyzer test and refused once to submit to a blood test after being warned of the consequences. The police officer was correct in accepting Appellant's refusals as final and was under no obligation to make use of any blood sample that might have been available.

We therefore conclude that the Department satisfied its burden of proving that Appellant's driving privileges were properly suspended. We further conclude that the trial court's findings of fact are supported by competent evidence and that no errors of law were made. Accordingly, the order of the trial court is affirmed.

ORDER

AND Now, July 27, 1984, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter, dated August 23, 1982, is hereby affirmed.