Eveline Schnitzer, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 7, 1984, to Judges MAC-PHAIL, COLINS and PALLADINO, sitting as a panel of three.

*Mark D. Turetsky,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, August 31, 1984:

Eveline H. Schnitzer (Appellant) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) which affirmed the six-month suspension of her motor vehicle operator's license pursuant to Section 1547(b) of the Vehicle Code (Code)[1] for her refusal to submit to a breathalyzer test. We affirm.

The trial court found (1) that Appellant had been involved in a one car accident on November 24, 1982; (2) that the police officers at the scene of the accident noticed the smell of alcohol on Appellant's breath and administered a field sobriety test, which she could not perform; (3) that the police officers asked Appellant to take a breathalyzer test; and (4) that Appellant twice refused to take the test even after she was warned that her license would be suspended if she refused. The trial court dismissed the appeal and reinstated the six-month suspension.

We must determine whether, in conducting the *de novo* hearing, the trial court abused its discretion by

---

[1] 75 Pa. C. S. §1547(b).

40

refusing to hear testimony offered by Appellant, from her husband and her employer, and by limiting Appellant's testimony to certain subjects.[2]

The general rule is that "questions concerned with the admission or exclusion of evidence are within the sound discretion of the trial court and will be reversed on appeal only where a clear abuse of discretion exists." *Lewis v. Mellor*, 259 Pa. Superior Ct. 509, 515, 393 A.2d 941, 944 (1978) (quoting *Westerman v. Stout*, 232 Pa. Superior Ct. 195, 202, 335 A.2d 741, 745 (1975)). The issues which were before the trial court in this *de novo* hearing were (1) whether the arresting officer had reasonable grounds to believe Appellant was driving while intoxicated; (2) whether Appellant was asked to submit to a breathalyzer test; (3) whether Appellant was warned that her license would be revoked if she refused to take the test; (4) whether appellant refused to take the breathalyzer test; and (5) whether Appellant was incapable of making a knowing and conscious refusal to take the test.[3] *Phillips v. Commonwealth of Pennsylvania*, 84 Pa. Commonwealth Ct. 217, 478 A.2d 958 (1984). The trial court had the power to exclude any testimony which was not relevant to these issues.

At the hearing, Appellant offered the testimony of her husband and her employer to attempt to establish

———

[2] Our scope of review in a license suspension appeal is to determine whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Gresh v. Department of Transportation, Bureau of Traffic Safety*, 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983).

[3] Once the Commonwealth proved the first four elements, the burden of proof shifted to the Appellant to show she was incapable of making a knowing and conscious refusal. *Capozzoli Appeal*, 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981).

that she had not been drinking before the accident, and that she had difficulty speaking and understanding the English language.[4] Testimony as to whether she had been drinking before the accident was not relevant. The only issue for which they could supply relevant testimony was whether Appellant was incapable of making a knowing and conscious refusal to take the test because of a language difficulty. Whether a driver is incapable of making such a refusal is a question of fact for the trial court. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981). Judge SMILLIE, the trial judge, had a first hand opportunity to evaluate Appellant's ability to understand and respond to questions addressed to her on the stand by himself and her attorney. The function of the fact finder is to observe witnesses and make credibility determinations.[5] We do not believe the judge abused his discretion by refusing to allow testimony concerning Appellant's language ability, because he could evaluate her ability himself. In fact, Judge SMILLIE found Appellant to be ''an articulate woman.'' Therefore, we hold that the trial court did not abuse its discretion by excluding the testimony of Appellant's husband and employer, as the testimony would have had no probative value.

With respect to Appellant's testimony, the trial court exercised its discretion to exclude irrelevant testimony. Appellant sought to offer testimony concerning her physical condition after the accident to explain her inability to perform the field sobriety test. The issue before the trial court was whether the ar-

---

[4] Appellant testified that she was a native of Austria, and had been in this country since 1971.

[5] The trial court was presented with a purely factual question: Did Appellant have a language problem which impeded her ability to understand the warning relating to the loss of her license if she refused to take the breathalyzer test.

42

resting officer had reasonable grounds to believe that Appellant was driving while under the influence of alcohol, and not the reason for Appellant's failing the field test. The trial court found that the arresting officer twice asked Appellant at the scene of the accident if she was injured, and she told him she was not. The officer noted the smell of alcohol on her breath and that her speech was slurred, and so administered a field sobriety test. The trial court's finding that the arresting officer had reasonable grounds to believe that Appellant was driving while under the influence of alcohol is supported by the evidence. The testimony concerning Appellant's alleged injuries was not relevant to this issue, and so was properly excluded.

Because the trial court did not abuse its discretion in excluding the testimony of Appellant and her two witnesses, we affirm its order reinstating the suspension of Appellant's driver's license.

ORDER

AND Now, August 31, 1984, the order of the Court of Common Pleas of Montgomery County entered March 14, 1983, at No. 83-346 is affirmed.