506 A.2d 961

Barry Neitz, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

2

Submitted on briefs February 4, 1986, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Samuel R. Kasick, Stamberg* & *Caplan,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, March 18, 1986:

Barry Neitz appeals an order of the Court of Common Pleas of Lehigh County which dismissed his appeal of a twelve-month suspension of his operating privilege. The Bureau of Traffic Safety, Pennsylvania Department of Transportation, suspended Mr. Neitz's operating privilege upon concluding that he had knowingly and consciously refused to take a blood alcohol test after being arrested for driving under the influence of alcohol. *See* section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).[1]

---

[1] Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547, provides:

To sustain a license suspension under section 1547(b) of the Code, the Commonwealth bears the burden of proving that the driver (1) was placed under arrest for driving while under the influence of alcohol, and that the arresting officer had reasonable grounds to believe that the operator was driving while under the influence of alcohol; (2) was requested by the officer to submit to a breathalyzer test; (3) refused to do so; and (4) was warned by the officer that the department would suspend his driving privileges if he refused to take the test. If the department proves those elements, the burden then shifts to the driver to prove that he was physically incapable of making a knowing and conscious refusal to take the test. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981).

Officer Charles Achenzie of the City of Bethlehem Police Department discovered Barry Neitz lying across the front seat of his severely damaged vehicle in a residential yard. Mr. Neitz was semiconscious, was covered with a large amount of blood and was moaning in pain.

Officer Achenzie remained with Mr. Neitz until the ambulance arrived, administered first aid, and trans-

---

**(b) Suspension for refusal.—**

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

ported Mr. Neitz to the Muhlenberg Medical Center. Officer Achenzie traveled to the medical center in his own vehicle and received permission from the emergency room physician to question Mr. Neitz. Officer Achenzie testified that he first advised Mr. Neitz of his rights and asked him about the details of the accident, to which Mr. Neitz responded that he didn't remember anything. Officer Achenzie then twice requested that Mr. Neitz submit to a blood alcohol test but Mr. Neitz refused. The officer stated that he advised Mr. Neitz that his operating privileges would be automatically suspended for the refusal. Officer Achenzie then received the results of a blood alcohol test which was taken for medical reasons. Later that night, he filed charges of driving under the influence of alcohol and refusing to submit to a blood alcohol test against Mr. Neitz.

We now consider three questions:[2] (1) Did the officer, by advising the severely injured driver that he is injured and that he should remain calm and still, place that individual under arrest? (2) Did the trial court err in admitting into evidence Officer Achenzie's testimony of his impressions and recollections as to what Mr. Neitz said in refusing and whether he did so knowingly and consciously? (3) Did the trial court err by finding that Mr. Neitz knowingly and consciously refused to submit to a blood test?

In its memorandum opinion, the trial court, by referring to "the arresting officer," apparently found as a matter of fact that Officer Achenzie placed Mr. Neitz

---

[2] This Court's scope of review of a common pleas court's decision in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

under arrest for driving under the influence of alcohol before he requested that Mr. Neitz submit to a blood alcohol test.

This court has traditionally followed the rule that an officer may place an individual under arrest by any act that indicates an intention to take that individual into custody and that subjects him to the officer's actual control and will. A formal declaration of arrest or the application of physical force is unnecessary. *Commonwealth v. Miles*, 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973) *citing Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963).

Officer Achenzie testified:

I advised him to stay still and he did sort of quiet down. Several times, though, he did try to get out of the vehicle. Each time, I advised him that he was injured and he should remain calm, that an ambulance is on the way. I did detect a strong odor of an alcoholic beverage inside the vehicle. . . . The ambulance then arrived and administered first aid to Mr. Neitz. He was then transported to Muhlenberg Medical Center.

In light of Mr. Neitz's apparently severe injuries and loss of blood, Officer Achenzie's oral warnings, even though they could be construed as words of comfort and reassurance, were clearly sufficient to prevent Mr. Neitz from leaving the scene. Accordingly, we conclude that Officer Achenzie exercised sufficient custody and control over Mr. Neitz at the accident site so as to place him under arrest at that time.[3]

We next consider whether the trial court erred as a matter of law by accepting into evidence and relying

---

[3] Because we so conclude, we do not here consider whether Officer Achenzie's testimony, "I had advised Mr. Neitz of his rights prior to talking to him," is sufficient evidence that Mr. Neitz was placed under arrest.

upon Officer Achenzie's paraphrased account of Mr. Neitz's refusal because Officer Achenzie was unable to recount Mr. Neitz's statements verbatim. Officer Achenzie readily admitted that he could not recall the exact words which Mr. Neitz used to refuse the blood alcohol test. He stated "his exact words, I don't really recall. It was something to that effect, though, he did refuse." Officer Achenzie's testimony as to his impression of whether Mr. Neitz made a knowing and conscious refusal of the test was as follows:

Q. In your opinion, was he able to understand what you were explaining to him about the test?

...

A. Mr. Neitz was conscious, and he did seem to be able to answer my questions, yes.

Mr. Neitz here suggests that any evidence of a person's statements, short of his exact words, is incompetent.

The general rule is that questions concerned with the admission or exclusion of evidence are within the sound discretion of the trial court and will be reversed on appeal only where a clear abuse of discretion exists. *Schnitzer v. Commonwealth*, 85 Pa. Commonwealth Ct. 38, 480 A.2d 388 (1984). Mr. Neitz cites no authority which suggests that the trial court may permit only the introduction of verbatim accounts. Because the Commonwealth would be hard pressed to fill its law enforcement ranks with individuals possessing photographic memories, we must conclude that the trial judge did not abuse his discretion by admitting Officer Achenzie's recollections of Mr. Neitz's statements. Additionally, the trial judge correctly resolved questions of credibility and testimonial conflicts in considering Officer Achenzie's testimony. *Herring v. Commonwealth*, 50 Pa. Commonwealth Ct. 608, 413 A.2d 1171 (1980).

We next consider whether the record contains substantial evidence to support the trial court's finding that Mr. Neitz made a knowing and conscious refusal of the blood alcohol test. That inquiry is a question of fact for the trial court. *Pratt v. Department of Transportation, Bureau of Traffic Safety,* 62 Pa. Commonwealth Ct. 55, 434 A.2d 918 (1981).

In support of his contention that he did not make a knowing and conscious refusal, Mr. Neitz testified that he did not know whether or not he had refused the test because he was continually in and out of consciousness. Officer Achenzie acknowledged that Mr. Neitz's car collided with a tree with great force and conjectured that the steering wheel had impacted Mr. Neitz's body. He also testified that he later determined that Mr. Neitz suffered several broken ribs and that his stomach was filling up with blood. Because of those injuries, Officer Achenzie believed that Mr. Neitz probably was in shock after the accident.

Nevertheless, Officer Achenzie testified that Mr. Neitz was conscious during the questioning and understood the questions. The trial court, which heard the testimony of both parties, made its finding based upon Officer Achenzie's testimony rather than upon Mr. Neitz's statement that he had no recollection of his refusal. As we stated in *Herring,*

> [r]egardless of the evidence of Herring's physical injuries, the lower court had the power to infer from all the evidence that he was capable of making a knowing refusal, or to reject his testimony that he suffered from an incapacity to do so.

50 Pa. Commonwealth Ct. at 612, 413 A.2d at 1174.

Because the record contains substantial evidence to support the court's finding, we conclude that the court committed no error, and that Mr. Neitz failed to sustain

8

his burden of proving that he did not make a knowing and conscious refusal.

We affirm the decision of the trial court.

ORDER

Now, March 18, 1986, the order of the Court of Common Pleas of Lehigh County, No. 85-C-286, dated March 26, 1985, is affirmed.

Senior Judge KALISH dissents.