512 A.2d 1365

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Al Cohen, Appellee.

Submitted on briefs May 15, 1986, to Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*Alan P. Schoen, Epstein, O'Neill, Utan & Wilson*, for appellee.

OPINION BY SENIOR JUDGE KALISH, August 6, 1986:

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, appeals an order of the Court of Common Pleas of Lackawanna County which sustained the license suspension appeal of appellee, Al Cohen. We reverse the trial court and reinstate the suspension of appellee's license.

Appellee is seventy years of age. The trial judge found that appellee had been taken into custody after an accident, and that the officer had reasonable cause to believe that he was intoxicated. Appellee was taken to the police station where the breathalyzer equipment was activated. He was twice asked to take the test and refused. The equipment was deactivated. Immediately thereafter, in a matter of minutes, appellee consented to take the test.

The trial judge found that the appellee did not act in bad faith, and that the retraction of the refusal and the request that the test be administered, all within moments, was sufficient evidence to rebut the refusal.

Our scope of review in a driver's license suspension is to determine whether the findings of the trial court are supported by the evidence, whether there has been an erroneous conclusion of law or whether the trial court's decision shows a manifest abuse of discretion. *Schnitzer v. Commonwealth*, 85 Pa. Commonwealth Ct. 38, 480 A.2d 388 (1984).

The Commonwealth has the burden of showing that the driver was placed under arrest for driving while under the influence of alcohol; that the driver was asked to take the breathalyzer test; that the driver was warned that a refusal would result in license suspension, and that the driver refused to take the test. *Herbert v. Commonwealth*, 75 Pa. Commonwealth Ct. 28, 460 A.2d 920 (1983).

Once the Commonwealth has produced evidence of the basic fact of a refusal, procedurally the burden of going forward with the evidence shifts to the driver, to show that the refusal was not a conscious or knowing one. *Pratt v. Department of Transportation, Bureau of Traffic Safety*, 62 Pa. Commonwealth Ct. 55, 434 A.2d 918 (1981).

The fact finder must then determine from all the evidence on this issue whether the primary fact of refus-

al is more probably true than not, *i.e.*, whether the Commonwealth has met its burden of proof by a preponderance of the evidence. This is just another way of saying that whether a driver made a knowing and conscious refusal is a question of fact for the trial court. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981). Such factual determinations by a trial court, which are supported by competent evidence, will not be disturbed on review. *Herring v. Commonwealth,* 50 Pa. Commonwealth Ct. 608, 413 A.2d 1171 (1980).

While the established facts may not be disturbed when supported by competent evidence, this court may draw its own inferences and conclusions. *Hatfield Township Appeal,* 28 Pa. Commonwealth Ct. 109, 367 A.2d 747 (1977). Thus, the issue becomes whether the inference and conclusion drawn by the trial court was logical and reasonable. Here, we have an unqualified refusal—not one where such a refusal is to be inferred from established facts. Anything less than an unqualified, unequivocal assent constitutes a refusal. *Hando v. Commonwealth,* 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984).

It would appear at first blush that *Department of Transportation, Bureau of Traffic Safety v. Tillitt,* 49 Pa. Commonwealth Ct. 343, 411 A.2d 276 (1980), is similar to the instant case. There, within four minutes after consultation with his father, the driver agreed to take the test. This court held that there was no refusal. However, that case really turned not on the short lapse of time, but rather on the fact that the driver was not given a prior warning of the consequences of a refusal.

Accordingly, we reverse the trial court and reinstate the suspension of appellee's license.

ORDER

NOW, August 6, 1986, the order of the Court of Common Pleas of Lackawanna County, No. 80 CIV

4631, dated April 25, 1984, is reversed. The suspension of appellee's driver's license is reinstated.

Judge BARRY concurs in the result only.