534 A.2d 573

Edward Dawkins, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs October 6, 1987, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Arnold H. Cantor*, for appellant.

*Harold H. Cramer*, Assistant Counsel, with him, *John L. Heaton*, Chief Counsel, for appellee.

OPINION BY JUDGE CRAIG, December 9, 1987:

Edward Dawkins appeals an order of the Court of Common Pleas of Allegheny County which dismissed his appeal of a one-year suspension of his operating privilege. The Bureau of Traffic Safety, Pennsylvania Department of Transportation, suspended Mr. Dawkins' operating privilege upon determining that he knowingly refused to submit to a blood alcohol test after being arrested for driving under the influence. *See* section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).[1]

---

[1] Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547, provides:

(b) Suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

To prevail upon appeal in a license suspension case under §1547(b) of the Code, the state must prove that the driver (1) was placed under arrest for driving while under the influence of alcohol; (2) was requested by the officer to submit to a breathalyzer test; (3) refused to do so; and (4) was warned by the officer that the department would suspend his driving privileges if he refused to take the test. The burden then shifts to the driver to prove that he was physically incapable of making a knowing and conscious refusal to take the test. *Neitz v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety,* 96 Pa. Commonwealth Ct. 1, 506 A.2d 961 (1986).

Mr. Dawkins contends that the suspension of his driving privileges should not be upheld because the Commonwealth failed to meet its burden of proving that he was under arrest because the trial court expressly found he was not under arrest or in the custody of the police.

The trial judge's specific finding was as follows:

*No arrest was made,* nor was the Defendant *taken into custody,* but he was treated at a medical facility by paramedics and thereafter released. He was unable to remember what occurred, but was not arrested until February 5, 1986 at the Public Safety Building in the City of Pittsburgh. *Previously, the Officer, Michael Kondas, specifically stated that he did not have the Defendant under his control on the night of January 18, 1986.* (Emphasis added.)

This court's scope of review in a case of this type is limited to determining whether the trial court's findings

---

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

are supported by competent evidence, whether an error of law has been committed or whether the common pleas court decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

The record shows that on January 18, 1986, Pittsburgh Police Officer Michael Kondas was dispatched with his partner to the scene of a three-car accident. Upon arrival, Officer Kondas observed Mr. Dawkins behind the wheel of his wrecked vehicle being treated by paramedics.

The paramedics took Mr. Dawkins to a hospital, and Officer Kondas followed behind in his police vehicle. Officer Kondas summoned fellow Officer Dietrich to the hospital to obtain a blood sample from Dawkins.

Officer Dietrich informed Mr. Dawkins of the consequence of refusing a blood sample, and on two occasions Mr. Dawkins refused to give a blood sample.

Officer Dietrich testified that Mr. Dawkins was not free to leave, and had he not needed medical attention, he would have been placed under arrest and taken to the Public Safety Building.

The police subpoenaed the results of the blood test taken for medical reasons by the treating hospital. On February 5, 1986, as the trial court noted, the police formally arrested Mr. Dawkins and charged him with operating a vehicle under the influence of alcohol.

Our court has recently held that an officer may place an individual under arrest in any manner that indicates an intention to take that individual into custody and subjects him to the officer's control. A formal declaration of arrest is unnecessary. *Neitz*, 96 Pa. Commonwealth Ct. at 5, 506 A.2d at 963 (1986). Whether the driver is under arrest is a factual rather than a legal determination. *Phillips v. Commonwealth of Pennsylvania*, 84 Pa. Commonwealth Ct. 217, 478 A.2d 958 (1984).

However, in this case the trial judge made a definite finding that the defendant was not under arrest, nor was he in custody when he was being treated at the medical facility.

Although the trial judge later in his opinion stated that the officer "had sufficient and reasonable grounds and probable cause . . . to arrest Dawkins" the key point is that regardless of the existence of cause for arrest, the trial court's finding clearly negates the existence of any arrest or custody at the time that the alcohol test was requested and refused.

Because the record contains evidence—in particular, testimony of Officer Kondas which supports the finding that there was no arrest at the time Dawkins was in the hospital—there is no basis for overturning that finding.

Therefore, the trial judge erred as a matter of law in dismissing the appeal contrary to the factual basis supplied by his own finding for sustaining it. Accordingly, the decision is reversed.

### ORDER

NOW, December 9, 1987, the order of the Court of Common Pleas of Allegheny County, dated June 4, 1986, is reversed.