535 A.2d 761

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Michelina M. Nazzaro, Appellee.

Submitted on briefs September 15, 1987, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Glenn R. Davis*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Morey Myers*, General Counsel, for appellant.

*Richard D. Winters*, for appellee.

OPINION BY JUDGE BARRY, January 15, 1988:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Montgomery County sustaining an appeal by Michelina Nazzaro (Nazzaro) from DOT's suspension of her operating privileges for one year.

Nazzaro was involved in a two car accident in Upper Merion Township on April 4, 1986 shortly after midnight. Officer Joseph Collemacine went to investigate

and found Nazzaro being treated by an ambulance squad. Collemacine asked Nazzaro for her driver's license and registration card but she was unable to produce them. She was then taken by ambulance to the emergency room of a local hospital.

Collemacine later went to the hospital and was informed by a nurse who had attended to Nazzaro that she had been drinking but was lucid so that Collemacine could speak with her. When he tried to speak with her, she was uncooperative and indicated that she wanted to speak with her lawyer. Collemacine told Nazzaro that he believed she had been under the influence of alcohol and that he wanted her to submit to a blood test. Despite being warned of the consequences of such a refusal, Nazzaro persisted in withholding consent to any testing.

DOT notified Nazzaro that her license was being suspended pursuant to 75 Pa. C. S. §1547, which mandates such suspension for refusing to submit to testing. Nazzaro appealed to common pleas court where a hearing was conducted. Collemacine recounted the events referred to above. The following exchange then took place between DOT's counsel and Collemacine:

Q: At any time did you place Miss Nazzaro under arrest?

A: No, I did not.

Q: Did you have her in physical control at any time?

A: No. She was under the hospital's care. I was just there to interview her.

Q: And she was never arrested; is that right?

A: That's correct, process in this case has been by summons.

Q: By summons?

A: That's correct.

Q: Who was it that put Miss Nazzaro in the ambulance, do you know?

A: No, I do not recall.

Q: Was it at your direction?

A: She was being treated by ambulance personnel. Okay? I don't know whether she was carried there or she moved there under her own power.

(Notes of testimony, 6/16/86, pp. 7-8).

Based upon Collemacine's testimony, the trial court found Nazzaro had never been placed under arrest. Accordingly, the court sustained Nazzaro's appeal. DOT's appeal to this Court followed.

To meet its burden of proving a valid suspension under Section 1547, DOT must prove (1) that the driver was placed under arrest for drunken driving, the arresting officer having reasonable grounds to believe that the driver had been driving while intoxicated, (2) that the driver was asked to submit to testing procedures, (3) that the driver was informed of the consequences of a refusal and (4) the driver refused to take the requested test. *Gresh v. Commonwealth*, 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983). Regarding the arrest question, we stated:

[T]he question of whether a driver has been placed under arrest for purposes of Section 1547(b)(1) of the Code refers to a factual situation, *i.e.*, whether the operator involved was *in fact* restrained or deprived of his liberty. . . . In other words, whether a driver has been 'placed under arrest' is a factual rather than a legal determination, and it is only necessary that the driver be under the custody and control of the person effecting the arrest.

*Gresh*, at 487, 464 A.2d at 622 (emphasis in original) (citations omitted). Furthermore, when a trial court's

factual finding is at issue, our review is limited to determining whether the disputed factual finding is supported by substantial evidence. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

In the present case, DOT speciously argues that the trial court's factual finding that Nazzaro was not arrested is not supported by substantial evidence. We can find no better evidence for support than the testimony of the officer, who DOT claims effectuated the arrest, that he never arrested Nazzaro. This testimony, believed by the trial court, obviously is substantial evidence to support the trial court's factual finding that no arrest occurred.

DOT relies upon *Neitz v. Commonwealth,* 96 Pa. Commonwealth Ct. 1, 506 A.2d 961 (1986), in support of its argument that an arrest occurred. There, an officer investigating an accident found a driver still in his car in a semiconscious state, covered with blood and moaning in pain. When the driver tried to leave the car, the officer told him to remain calm as he was injured and an ambulance was on the way. The driver eventually refused to submit to testing for drunken driving and his license was suspended. Following the trial court's denial of the driver's appeal, we affirmed, concluding that the evidence supported the trial court's factual finding that the driver was subjected to the custody and control of the officer. *Neitz* would offer support for DOT's argument but for one distinguishing factor. While there the trial court found that an arrest had occurred, here, the trial court found that no arrest had occurred. Had the trial court here chosen to discredit Collemacine's testimony for whatever reason and found that Nazzaro had been arrested, *Neitz* could be applicable. Since the trial court believed Collemacine, the officer's testimony supports the court's crucial factual finding.

Affirmed.

### ORDER

NOW, January 15, 1988, the order of the Court of Common Pleas of Montgomery County, dated July 10, 1986, at No. 86-07449, is affirmed.