544 A.2d 569

Jeffrey Allen Kubit, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs February 4, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Martin W. Sheerer,* for appellant.

*Harold H. Cramer,* Assistant Chief Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE DOYLE, July 28, 1988:

Jeffrey Allen Kubit (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County upholding the Department of Transportation's (Department) suspension of his license pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, for his refusal to submit to a blood test. We affirm.

On May 1, 1986, Officer Gary Waters of the Ross Township Police was called to the scene of a one-car accident. Officer Waters spoke to a man at the scene, who identified himself as Appellant's brother, and who informed the officer that Appellant had been in an accident and had been taken home by his mother. Upon the officer's arrival at Appellant's house, he questioned Appellant who *admitted* that he had been the driver of the vehicle involved in the accident. At this time, the officer smelled alcohol on Appellant's breath. The officer then asked Appellant to perform some field sobriety tests which Appellant failed. Consequently, Appellant was placed under arrest and transported to the police station.

At the police station, Appellant was asked to submit to a breathalyzer test and was warned that his license would be revoked if he failed to consent. Appellant consented, but the machine malfunctioned. Three more times Appellant took the breathalyzer test, but each time the machine malfunctioned. The officer then asked Appellant to submit to a blood test. Appellant refused. Appellant was then warned again about the consequences of refusing the blood test. He again refused. His reason for refusing the blood test was that he had taken enough tests.

Because of the refusal, the Department suspended his driver's license. The suspension was upheld by the court of common pleas. This appeal followed.[1]

Appellant's first contention is that his arrest was illegal and, thus, he did not have to cooperate with any breath or blood testing requirements imposed by the officer. Assuming *arguendo* that Appellant's arrest was illegal, his argument must still fail in light of our Supreme Court's decision in *Department of Transportation v. Wysocki*, 517 Pa. 175, 535 A.2d 77 (1987) where it was held that for the purposes of a driver's license suspension proceeding under Section 1547, the legality of the licensee's "arrest" is irrelevant.

Appellant also asserts that the trial court erred in determining the officer had reasonable grounds to believe Appellant was driving while intoxicated. The evidence here, however, shows that Appellant's vehicle had been in an accident, that he admitted being the driver of the vehicle, and that he smelled of alcohol. Such evi-

---

[1] Our scope of review over a Section 1547 license suspension appeal is limited to determining whether the trial court abused its discretion or committed an error of law, and whether the court's findings are supported by competent evidence. *Dawkins v. Department of Transportation*, 111 Pa. Commonwealth Ct. 536, 534 A.2d 573 (1987).

dence is sufficient to establish reasonable grounds.[2] *See Department of Transportation, Bureau of Traffic Safety v. Doyle,* 103 Pa. Commonwealth Ct. 490, 520 A.2d 917 (1987).

Appellant's next allegation of error focuses on whether he refused the blood test. Appellant asserts that Officer Waters' testimony was conclusory and that the officer did not explain why multiple tests were required. We find the officer's testimony, which was not objected to at the hearing, competent to support the trial court's order. Moreover, Appellant's reason for refusing the blood test was sufficient to constitute a refusal, since this Court has consistently held that any response to a valid request for a breath, urine or blood test substan-

---

[2] Officer Waters testified as follows:

At 10:50 p.m. that date I received a call of an accident at Jacks Run Road by the Grove Tavern in Ross Township. I responded to the accident. I arrived at the scene at 11:00 p.m. I arrived at the scene, observed a vehicle. There was evidence of a vehicle that had hit a telephone pole and then pulled over across the street. I spoke to an individual that identified himself as the defendant's brother, and he said that his brother had an accident and his mother had already picked him up and transported him home.

I checked inside of the vehicle. Detected a strong odor of alcoholic beverage. At that time ran the license plate. Came back to Mr. Kubit. I checked for operator's information. Came back that Mr. Kubit was 19 years of age. At that time also gave his address as 124 Eileen Drive, which is approximately three quarters of a mile from the scene.

I then went to Mr. Kubit's residence and knocked on the door. Mother answered. I asked if Jeffrey was there. And he came outside and I spoke with Jeffrey at that time. I asked him if he was the driver of the vehicle, and he said that he was. At that time I detected an odor of alcoholic beverage on his breath.

The Appellant did not testify and offered no other evidence.

tially short of an unqualified, unequivocal assent to take the test constitutes sufficient reason to justify a license suspension under Section 1547. *Department of Transportation, Bureau of Driver Licensing v. Goldowski,* 110 Pa. Commonwealth Ct. 426, 532 A.2d 923 (1987).

Last, Appellant contends that the breathalyzer operator failed to follow the Department's regulations regarding malfunctioning breathalyzer machines. *See* 67 Pa. Code §§77.24(b), 77.25(4). This argument was not raised before the trial court and is waived. Pa. R.A.P. 302(a).

Affirmed.

### ORDER

Now, July 28, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

Judge MCGINLEY dissents.