**PennDOT v. Tomczak**

*Thomas J. Hines, assistant counsel,* for the commonwealth.

*David M. Dougherty,* for defendant.

D'ALESSANDRO, *J.,* March 7, 1989 — Before this court is the appeal of Stanley Tomczak from an

order of the Secretary of Transportation suspending appellant's driving privileges, pursuant to section 1547(b) of the Vehicle Code, 75 Pa.C.S. §1547(b). For reasons stated herein, we have vacated the suspension ordered by the Secretary of Transportation.

Appellant was arrested for driving under the influence of alcohol by Trooper Joseph R. Carcaci. Trooper Carcaci testified that he read appellant his *Miranda* rights and additionally informed appellant of his rights with regard to the administration of a breathalyzer test. Trooper Anthony M. Gant, certified intoxilyzer operator, testified that he fully advised appellant of his rights with regard to the administration of the breathalyzer test. Both troopers clearly recall appellant's refusal to submit to a breathalyzer examination. However, neither have a recollection of appellant's request to take the breathalyzer shortly thereafter.

Appellant testified that he failed to comprehend the ramifications of a refusal to submit to the breathalyzer examination due to his extreme nervousness during the entire ordeal. Shortly after appellant's alleged refusal to submit to the breathalyzer, he was informed and for the first time fully understood that his refusal would result in the loss of his driver's license for one year. Appellant requested administration of the breathalyzer test, at which time he was told that he could not take the test because of his prior refusal.

Whether the operator of a motor vehicle has refused to submit to a breathalyzer test is a question of fact. *Commonwealth, Department of Transportation v. Krishak*, 91 Pa. Commw. 307, 496 A.2d 1356 (1985). Such a determination depends upon the

facts of each case. *Lane v. Commonwealth, Department of Transportation,* 124 Pa. Commw. 246, 556 A.2d 12 (1989).

"In order to sustain a suspension under section 1547 of the code, the commonwealth must prove that the driver: (1) was placed under arrest for driving while under the influence of alcohol; (2) was requested to submit to a chemical test; (3) refused to do so; and (4) was warned that his license would be suspended if he refused." *Capozzoli Appeal,* 63 Pa. Commw. 411, 437 A.2d 1340 (1981). "Once the commonwealth establishes these elements, the burden shifts to the appellant to prove by competent evidence that he was unable to make a knowing and conscious refusal." *Id.*

According to our interpretation of the testimony, appellant's refusal to submit to the breathalyzer test and appellant's subsequent request to be tested occurred during the same conversation in which, only after his initial refusal, did it become clear to appellant that his license would automatically be suspended for one year. Trooper Gant then refused to administer the test because of appellant's prior refusal only moments before.

We find that appellant was not aware of what he needed to do to avoid a suspension of his driver's license until after his initial refusal. Appellant's request to have the test administered came moments after his initial refusal and occurred during the course of the same conversation. Under these particular circumstances, appellant should have been given an opportunity to take the breathalyzer.

Accordingly, we have entered an order granting appellant's appeal and revoking the suspension of his driver's license.