529 A.2d 94

Chang C. Im, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued June 11, 1987, before President Judge CRUMLISH, JR., Judge COLINS (P), and Senior Judge NARICK, sitting as a panel of three.

*Harold D. Borek,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, *Henry G. Barr,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE NARICK, August 4, 1987:

The Court of Common Pleas of Montgomery County, after a hearing de novo, sustained the suspension of Chang C. Im's (Appellant) driver's license for one year for his failure to submit to a breathalyzer test as required by Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547 and dismissed his appeal. Hence, this appeal by Appellant. We affirm.

At the de novo hearing held before the trial court, Police Officer Earl Saurman of the Abington Township Police Department testified that he observed Appellant drive his car through a red light and onto a sidewalk. Officer Saurman testified that he stopped Appellant's vehicle and requested from Appellant his driver's license and owner's card. While speaking with Appellant, Officer Saurman said he observed a strong odor of alcohol on Appellant. According to Officer Saurman, when asked to take a sobriety test, Appellant replied with an obscenity. Appellant was then transported to the Abington Township Police Station and was requested to take a breathalyzer test. However, the machine malfunctioned so Appellant was transported to another police station to take the test. At the second station, Appellant refused to take the test. Officer Saurman stated that he advised Appellant approximately six times that Appellant's license would be suspended for one year if

he refused to take the test. Also, Officer Saurman testified that Appellant was able to understand him when he spoke and that Appellant responded in English to Officer Saurman when he refused to take the breathalyzer.

The trial court concluded that Appellant did make a knowing and conscious refusal to take the breathalyzer test because Appellant understood English to a degree necessary to comprehend the situation that was before him. The trial court based this finding on "the evidence presented and the demeanor of the Defendant", including the fact that during certain instances in the courtroom, Appellant responded to questions unassisted by an interpreter and his comments left no doubt in the opinion of the court that the Appellant understood English. The court further explained its reasons for concluding that Appellant made a knowing and conscious refusal to take the breathalyzer test as follows. Appellant responded appropriately when asked by Officer Saurman to see his driver's license and owner's card, and when he was requested to get out of the vehicle. The court further noted that when asked to take a field sobriety test, Appellant responded with an obscenity in English, and that Appellant spoke to Officer Saurman in English on a number of occasions.

Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether an error of law has been committed, and whether the trial court's decision constitutes a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

The basis of Appellant's appeal is that his native language is Korean and he does not understand the English language. More specifically, Appellant contends that the Commonwealth of Pennsylvania, Department of Transportation (Department) did not meet its burden

of proof in requesting Appellant to submit to a breathalyzer, but that even if Appellant was requested to submit to a breathalyzer, he was unable to make a knowing and conscious refusal. Appellant further argues that he was not advised that his driver's license would be suspended for one year by refusing to take the breathalyzer and that adequate procedural safeguards were not afforded to him, *i.e.* an interpreter.

An operator's driving privileges may be suspended for refusal to submit to a breathalyzer test where the Department proves that the driver involved: (1) was placed under arrest for driving while under the influence of alcohol, and the arresting officer had reasonable grounds to believe the driver was intoxicated; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Waigand.* Once the Commonwealth has proven that a defendant refused to submit to a breathalyzer, the burden shifts to the defendant to prove by competent evidence that he was unable to make a knowing and conscious refusal. *Ford v. Department of Transportation,* 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1979). Whether a driver has satisfied his burden that he was unable to make a knowing and conscious refusal is a factual question to be determined by the trial court. *Waigand.*

In the instant matter, the trial judge had a first-hand opportunity to evaluate Appellant's ability to understand and respond to questions addressed to him. The function of the factfinder is to observe witnesses, their demeanor, and make credibility determinations. *Schnitzer v. Commonwealth,* 85 Pa. Commonwealth Ct. 38, 480 A.2d 388 (1984). In *Schnitzer,* the appellant was arrested for driving under the influence of alcohol. On appeal, appellant, a native of Austria, contended that she had not been drinking before the accident, but rather

210

she had difficulty speaking and understanding the English language. The trial court rejected this argument and, based on his observations at the trial, concluded that the appellant was "an articulate woman". *Id.* at 41, 480 A.2d 390. Likewise, in the case at hand, the trial judge had a first-hand opportunity to evaluate Appellant's demeanor in the courtroom as well as his ability to understand and respond to questions. Thus, based upon our review of the record, we find no error in the trial court's conclusions.

In addition, the trial judge, based upon the testimony of Officer Saurman, concluded that Appellant was requested to take a breathalyzer, and was advised that his license would be suspended for one year if he refused. As we indicated, credibility determinations are for the trial court and will not be disturbed if supported by competent evidence. *See Schnitzer.*

Accordingly, after carefully reviewing the record in this case, we are satisfied that the trial court's order affirming the Department's suspension was proper. Therefore, we will affirm.

ORDER

AND NOW, this 4th day of August, 1987, the order of the Court of Common Pleas of Montgomery County in regard to the above-captioned matter is affirmed.