562 A.2d 1008

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant,**

v.

**KYONG ROK YI, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 1989.

Decided Aug. 14, 1989.

Donald H. Poorman, Asst. Counsel, Philadelphia, with him, Harold H. Cramer, Asst. Chief Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellant.

William L. Zeitz, Philadelphia, for appellee.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

## OPINION

BARRY, Judge.

The Pennsylvania Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Philadelphia County which rescinded the Department's suspension of the driver's license of appellee, Kyong Rok Yi, for a violation of 75 Pa.C.S.A. 1547, (failure to submit to a breathalyzer test).

Appellee was stopped by a police officer for going the wrong way on a one-way street, while his car was swerving back and forth. The arresting officer testified that appellee smelled strongly of alcohol, had bloodshot eyes and was off-balance. Appellee was taken to the police station for a breathalyzer test, to which he refused to submit. Yi testified that he did not understand the ramifications of refusing the test and the trial court found this testimony to be credible.

We must confine our review of this case to whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Gresh v. Department of Transportation, Bureau of Traffic Safety*, 76 Pa.Commonwealth Ct. 483, 464 A.2d 619 (1983).

There is no dispute by either party that the Department has met its initial burden of proving that the motorist (1) was arrested for driving while intoxicated, (2) was requested to submit to chemical testing, (3) he refused to do so, and (4) was informed that such a refusal would result in a suspension of his license. *Schnitzer v. Commonwealth*, 85 Pa.Commonwealth Ct. 38, 480 A.2d 388 (1984). Once these criteria have been established, the burden then shifts to the

motorist to support his contention that he was incapable of making a knowing and conscious refusal. Whether or not the motorist's refusal was knowing and conscious is a question of fact for the trial court, the fact finder in these cases. *Capozzoli Appeal*, 63 Pa.Commonwealth Ct. 411 437 A.2d 1340 (1981). The function of the fact finder is to observe the witnesses, their demeanor, and make a credibility determination accordingly. *Schnitzer.* In the case of *Im v. Commonwealth Department of Transportation*, 108 Pa.Commonwealth Ct. 206, 529 A.2d 94 (1987), a non-native failed to show that he was unable to make a knowing and conscious refusal. His reason was that he did not understand the warnings. The motorist in the case of *Im* responded to questions in court, unassisted by an interpreter. He also spoke to the arresting officer several times without problems. *Im* can be distinguished from the present case. This appellee testified through an interpreter that he had no understanding of the English language and that he did not understand the ramifications of his refusal. He never answered any questions asked without the aid of the interpreter. Furthermore, the arresting officers testified that although they thought the appellee *might* have understood them, they could not be certain. The court concluded that appellee was unable to understand English and could not make a knowing and conscious refusal. This determination will not be disturbed if it is supported by sufficient evidence. *Herring v. Commonwealth*, 50 Pa.Commonwealth Ct. 608, 413 A.2d 1171 (1980). We believe it is. The trial judge had a first-hand opportunity to evaluate the appellee's testimony on the stand and, since we find sufficient evidence to support his conclusions, we must uphold his decision.

The Department argues that the appellee's testimony alone is not enough to sustain his burden of showing that he does not speak English. It makes a futile attempt to draw a similarity between appellee's lack of understanding of the English language and a physical disability. In the cases it cites, expert medical testimony is required to show

that the motorist did not make a knowing and conscious refusal because of a physical impairment. We do not believe this analogy to be apt since there is no basis for their contention in case law and because the two situations are obviously different.

We do not wish to grant a "drunken immigrant immunity." However, we are bound in this case by the factual findings of the trial judge, and, accordingly, must affirm.

## ORDER

NOW, August 14, 1989, the order of the Court of Common Pleas of Philadelphia County, dated August 18, 1987, is affirmed.