564 A.2d 555

**Linda C. MOORE, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Oct. 3, 1989.

David L. Hill, for petitioner.

Mary Connie Walsh, Asst. Counsel, with her, Cynthia White Williams, Asst. Counsel, for respondent.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Linda C. Moore (petitioner) petitions for review of an order of the Office of Hearings and Appeals of the Department of Public Welfare (OHA) which affirmed a decision of a Hearing Officer dismissing petitioner's appeal of the suspension of her benefits under the Aid to Families With Dependent Children (AFDC) program on the basis of untimeliness. We reverse.

The Philadelphia County Assistance Office (CAO) suspended petitioner's AFDC benefits on June 16, 1987, for her failure to participate in the Pennsylvania Employables Program (PEP). On July 1, 1987, petitioner reapplied for benefits which were reinstated effective July 8, 1987.

On August 31, 1987, petitioner filed an appeal of the suspension of her benefits with the Department of Public Welfare (DPW). The hearing was held on this matter before Hearing Officer Thomas G. Devlin on October 14, 1987. Petitioner testified that she sustained injuries to her back and neck as a result of falling on a patch of ice in January, 1987. She also testified that she received a letter from CAO caseworker, Mr. William Golden, regarding par-

ticipation in PEP. She indicated that she telephoned Mr. Golden and explained that her injuries had temporarily disabled her and that she would be unable to keep an appointment with PEP on March 26, 1987. Mr. Golden advised petitioner that she must keep the appointment in order to stay on public assistance. He requested that she send him a physician's note confirming her disability. However, he did not send petitioner a Medical Assessment Form which, if completed by her doctor, could have excused her from participation in PEP.

Petitioner also testified that in March of 1987, she received a notice that she was going to be sanctioned.[1] However, by letter dated March 20, 1987, Mr. Golden indicated to petitioner that he had mistakenly sent the notice and that she should disregard it. Petitioner further testified that she received no notice thereafter concerning any sanction. Nevertheless, the sanction of suspension of her benefits was instituted effective June 16, 1987.

Petitioner stated that she met with Ms. Zully Sanchez, an income maintenance caseworker with CAO, for her six-month redetermination of eligibility. At that time, petitioner was informed that she could have been excused from PEP by having her doctor complete a Medical Assessment Form. Thereafter, petitioner had the form completed by her doctor and once it was returned to Ms. Sanchez, the suspension of her benefits was lifted.

Ms. Sanchez, the sole representative of CAO at the hearing, verified the testimony of petitioner as to the events of their meeting. Ms. Sanchez further testified that she received a Form 162A from PEP concerning the suspension of petitioner's benefits. She introduced a copy of this form into evidence at the hearing and indicated the procedure which is normally followed: "[w]hen we would get a notice from PEP that they had sent a 162A, they gave the Client (12) days from that (1) notice to get in contact with them as

---

1. The record is unclear as to the reasons for the issuance of this notice. However, it is immaterial to the resolution of this matter because this was not the notice which precipitated the actual sanction imposed and is not the basis of the dispute here.

to why they didn't comply. When we get the 162A, the (12) days are up on the 162 and that's the time that we impose the sanction." Hearing transcript at 4–5.

The Hearing Officer concluded that on May 8, 1987, the CAO issued the petitioner a 162–A notice calling for a reduction of her benefits as a sanction for her failure to keep an appointment with PEP on March 26, 1987. The Hearing Officer stated that although petitioner indicated that she did not receive this notice, it must be presumed that it was received since the notice was issued. Noting that Section 275.3(b)(1) of the Public Assistance Eligibility Manual (PAEM), 55 Pa.Code § 275.3(b)(1), requires that a recipient must exercise his or her right of appeal within (30) days from the date of a written notice provided by CAO, the Hearing Officer dismissed petitioner's appeal, filed on August 31, 1987, as untimely. On October 30, 1987, OHA issued an order affirming the dismissal of petitioner's appeal. Petitioner filed a timely petition for review of that final order with this Court on November 25, 1987.[2]

Petitioner submits on appeal, and we agree, that her appeal was improperly dismissed. Section 275.1(a)(4)(ii)(B) of the PAEM provides:

A client will be notified in writing of his right to request a hearing when a decision is made on eligibility and when a change in eligibility occurs. The written notices of this right appear on the Form PA 5–M, Form PA 162, Form PA 162–A, and Form PA 162–C.

55 Pa.Code § 275.1(a)(4)(ii)(B). Petitioner testified that she never received such a notice. The caseworker that purportedly sent out this notice, Mr. Golden, did not appear or testify at the hearing. Instead, Ms. Sanchez was the only witness for CAO at the hearing. Ms. Sanchez testified that she received the 162–A form from PEP but she did not and could not testify that the 162–A notice was sent to petitioner, as she had no personal knowledge of the notice being sent. Ms. Sanchez indicated only that the usual procedure

2. Petitioner's request for reconsideration filed with the Secretary of DPW was denied on December 15, 1987.

was for PEP to send the 162–A form to the client previous to sending one to her office.

DPW cites the general principle of law that the depositing of a properly addressed prepaid letter into the mails raises the presumption that it reaches its destination and that the mailing of the letter is *prima facie* evidence of receipt by the person(s) to whom it was mailed. DPW also correctly indicates that a denial of receipt is not sufficient in and of itself to rebut this presumption. *See Berkowitz v. Mayflower Securities, Inc.,* 455 Pa. 531, 317 A.2d 584 (1974). These principles of law, although correct, have no application to the case before us, as the following discussion will illustrate.

Although the record contains a copy of the 162–A notice which was allegedly sent to petitioner, the record is completely devoid of any evidence indicating that the notice was actually sent. There is no testimony from Mr. Golden who purportedly sent the notice and there is no return receipt which would certify that the notice had been sent. Accordingly, we must conclude that the presumption of receipt of the notice by petitioner does not come into play.

Because CAO failed to produce evidence of written notice being sent to petitioner, the thirty day time limitation on the right to appeal set forth in Section 275.3(b)(1) of the PAEM, 55 Pa.Code § 275.3(b)(1) is inapplicable here. Rather, the six-month appeal period set forth in Section 275.3(b)(3), 55 Pa.Code § 275.3(b)(3), is applicable.[3] Petitioner's appeal, taken August 31, 1987, was clearly within that time limitation. Thus, the order of OHA affirming the decision of the Hearing Officer dismissing petitioner's appeal as untimely must be reversed.

3. That section provides in pertinent part:
(3) When the county office, administering agency or service provider failed to send written notice which was required of the action and of the right of appeal or because of administrative error, ongoing delay or failure to take corrective action that should have been taken, the time limit in paragraphs (2) or (4) will not apply.

Petitioner's second contention is that the sanction of suspension of her benefits imposed by CAO was improper. As the Hearing Officer's decision was addressed only to the timeliness issue and did not resolve the merits, we must remand this matter for a determination of whether the sanction was in fact proper.

Based upon the foregoing discussion, we reverse the order of OHA and remand for a hearing on the merits of petitioner's appeal.

## ORDER

AND NOW, this 3rd day of October, 1989, the order of the Office of Hearings and Appeals of the Department of Public Welfare in the above-captioned matter is reversed. We remand for a hearing on the merits.

Jurisdiction relinquished.

For a period of 6 months from the date of the action or failure to act, the client shall have the right of appeal and shall exercise that right in writing.

Despite the fact that this text makes specific reference only to paragraphs (2) and (4) of that section, subparagraph (iii) in paragraph (3) refers to paragraph (1) as well as (2). This Court has interpreted this as indicating that paragraph (3) modifies the entire subsection (b) of Section 275.3. *Trant v. Department of Public Welfare,* 70 Pa.Cmwlth. 52, 55 n. 2, 452 A.2d 590, 592 n. 2 (1982).