## Warenczuk v. PennDOT

*Frank M. O'Neill, assistant counsel-in-charge,* for PennDOT.

*Wieslaw T. Niemoczynski,* for petitioner.

O'BRIEN, *J.,* March 1, 1991—

## FINDINGS OF FACT

(1) On May 24, 1990, at approximately 9:30 p.m., a Pennsylvania state policeman observed petitioner driving erratically on U.S. Route 611.

(2) When the officer stopped petitioner's vehicle, he observed a strong odor of alcohol about petitioner.

(3) Since petitioner spoke only Polish, the officer was unable to communicate with him and therefore did not request him to take any field sobriety tests.

(4) The officer placed petitioner under arrest and took him to the state police barracks.

(5) The officer had petitioner sign a waiver of *Miranda* rights form and on the form the officer indicated that petitioner "does not understand."

(6) The officer explained the implied consent law to petitioner in English but petitioner did not understand this explanation since he only spoke Polish. The officer did not seek the assistance of any Polish-speaking person to explain these provisions of law to petitioner.

(7) The officer submitted a report of refusal to submit to chemical testing to the Department of Transportation dated May 24, 1990. Petitioner did not know such a report was submitted.

(8) The Department of Transportation prepared an "official notice" with a mail date of June 8, 1990 addressed to petitioner stating that his driving privileges were suspended for a period of one year because of his refusal to submit to a chemical test.

(9) Petitioner never received the "official notice" of the suspension of his operating privileges.

(10) On October 8, 1990, petitioner's driver's license was confiscated by the Pocono Township Police on the occasion of a traffic stop for other

purposes. Petitioner filed an appeal concerning the license suspension on October 15, 1990.

(11) On October 15, 1990, petitioner was accepted by another judge of this court into the Accelerated Rehabilitative Disposition Program for driving under the influence of alcohol. One of the conditions imposed in conjunction with the ARD was a 90-day license suspension.

## DISCUSSION

The substantive issue in this case of whether or not petitioner's alleged refusal of the chemical test was knowing and conscious is easily resolved. The trooper candidly testified that petitioner did not understand English sufficiently well for him to explain the field sobriety test. Subsequently when the trooper explained the *Miranda* rights at the state police barracks, he noted on the form that petitioner did not understand them. The officer did not testify that he believed petitioner understood the implied consent law provisions. Petitioner testified, with the aid of his Polish-speaking attorney, that he did not understand what the officer told him. Therefore, we conclude that petitioner has met his burden of establishing that he was incapable of making a knowing and conscious refusal. *Department of Transportation v. Kyong Rok Yi,* 128 Pa. Commw. 117, 562 A.2d 1008 (1989).

However, a resolution of the substantive issue does not end our inquiry in this case. The Commonwealth made a motion at the time of hearing to quash the appeal because it was filed more than 30 days following the "mail date" of the notice of suspension. Counsel for the Commonwealth correctly cites 42 Pa.C.S. §§5571(b) and 5572 for the proposition

that the appeal must be filed within 30 days of the entry of the order of suspension by the Department of Transportation. Indeed our Commonwealth Court has held that a trial court is without subject matter jurisdiction to entertain an untimely appeal. *Windrick v. Commonwealth,* 80 Pa. Commw. 401, 471 A.2d 924 (1984). On the other hand, counsel for petitioner points out that there is no proof of record that the notice was mailed in the usual course of business or ever received by petitioner. Therefore, counsel for petitioner argues that the motion to quash should be denied and the issued decided on its merits.

The continuing refusal of the Department of Transportation to send notices of license suspensions by certified mail, or some other means where there is proof of receipt, cause recurring dilemmas for trial courts. On numerous occasions, trial courts are confronted with the allegation by a driver that he never received notice of the suspension. Determining whether these allegations are true or merely a fabricated excuse is not easy. This is particularly true in view of the numerous administrative errors by the Department of Transportation which are established in various evidentiary proceedings before this court. Frequently these allegations are raised in summary criminal proceedings where a driver is charged with the offense of driving under suspension. In *Commonwealth v. Gray,* 356 Pa. Super. 299, 514 A.2d 621 (1986), our Superior Court affirmed a ' summary criminal conviction but dropped the following hint to the Department of Transportation:

"It is our concern in these cases that a driver convicted of driving while his license is suspended had actual notice of the suspension. We are con-

cerned with the reliability of notice by mail as there generally is not proof of actual receipt. It is curious that the bureau does not send a notice as important as a notice of suspension of driving privileges by certified or registered mail, where a return receipt can be used to show actual notice."

However, when the department failed to take the hint, our Superior Court reversed a summary criminal conviction for failure to prove notice beyond a reasonable doubt. *Commonwealth v. Taylor*, 390 Pa. Super. 571, 568 A.2d 1320 (1990).

On the civil side, we receive numerous petitions requesting allowance of appeals nunc pro tunc from license suspensions. Frequently, these petitions come from drivers who claim they did not know they had been suspended until they were stopped for a subsequent traffic violation. However, our authority over such appeals is limited to circumstances which are equivalent to fraud or a breakdown in the operations of the court. *Riddle v. Commonwealth of Pennsylvania, Department of Transportation*, 136 Pa. Commw. 508, 583 A.2d 865 (1990). The absence of any statutory requirements for the department to send their notices by certified or other mail evidencing receipt establishes that the legislature has not imposed such a requirement. However, our appellate courts have held that a driver's license cannot be revoked without the procedural due process required by the 14th Amendment. *Brewster v. Commonwealth of Pennsylvania, Department of Transportation*, 94 Pa. Commw. 277, 503 A.2d 497 (1986). Enforcing the due-process requirements of the 14th Amendment is the province of the courts and not the legislature.

In the case at bar, the only evidence offered by the Commonwealth to fix the date from which

petitioner's time for appeal began to run, is the "official notice" containing a "mail date of June 8, 1990." While the certification page of Commonwealth's exhibit 1 includes a statement "official notice of suspension dated and *mailed* 6/8/90," our Commonwealth Court has held in *Groff v. Bureau of Traffic Safety,* 78 Pa. Commw. 580, 467 A.2d 1224 (1983), that the certification page may not be considered as evidence but only the official documents which it certifies. There is no evidence in the instant case to establish that the document was in fact mailed in the ordinary course of business. In *Commonwealth of Pennsylvania, Department of Transportation v. Brayman Construction Corp.—Bracken Construction Co.,* 99 Pa. Commw. 373, 513 A.2d 562 (1986), the court held that the mailbox rule, upon which the Commonwealth relies in the case at bar, applies only when there is evidence that the document was in fact mailed. In the *Brayman* case, *supra,* as in the case at bar, no evidence was presented that the letter was written in the regular course of business nor was any evidence presented that the letter was in fact placed in the regular place of mailing. In *Brayman, supra,* as in the case at bar the Commonwealth relies on the fact that they have a copy of the letter in their file to establish that the letter was in fact mailed. This was found insufficient by our Commonwealth Court and we conclude is insufficient in the case at bar to support the Commonwealth's motion to quash the appeal as untimely. See also, *Moore v. Commonwealth, Department of Public Welfare,* 129 Pa. Commw. 19, 564 A.2d 555 (1989).

On a previous occasion, our Commonwealth Court addressed the quandary of the licensee who filed an appeal contesting his suspension, thereby

gaining an automatic supersedeas, but failed to provide notice of the appeal to the Commonwealth. In *McNeilis v. PennDOT,* 119 Pa. Commw. 272, 546 A.2d 1339 (1988), our Commonwealth Court squarely dealt with this issue in enunciating a new procedure to remedy the problem of proving perfection of service of appeal. Citing the unjustified extension of operating privileges which may accrue to motor vehicle operators by simply filing an appeal petition without perfecting the appeal through notice to the Commonwealth, Judge Craig (now President Judge of the Commonwealth Court) held that under 75 Pa.C.S. §1550, the person appealing shall effect service upon the department by *certified mail,* return receipt requested. We note the irony that, under *McNeilis,* a motorist is mandated to send a copy of his notice of appeal by certified mail to the department, while the department need only send by first-class mail a notice of suspension of operating privileges. We invite the Commonwealth Court to impose the same requirement of notice upon the Commonwealth so as to remedy the problem illustrated by the facts in the case at bar. The provisions of Pa.R.C.P. 403, which deal with service of process in any civil proceeding, would provide adequate protection for the Department of Transportation from the driver who refuses to accept certified mail.

## CONCLUSIONS OF LAW

(1) The officer had reasonable grounds to believe that petitioner was operating a motor vehicle while under the influence of alcohol.

(2) Petitioner was not informed of the implied consent law in any means cognizable to him.

(3) Petitioner did not make a knowing and conscious decision to refuse to submit to the chemical test to determine blood alcohol content.

(4) The Commonwealth has failed to establish that petitioner's appeal was untimely filed.

## ORDER

And now, March 1, 1991, the order of the Department of Transportation of the Commonwealth of Pennsylvania dated June 8, 1990 suspending the driving privileges of Zdzislaw Warenczuk for a period of one year is reversed.