## Piasecki v. PennDOT

*Raymond P. Kashimba,* for petitioner.
*Frank M. O'Neill,* assistant counsel, for PennDOT.

O'BRIEN, *J.,* June 29, 1992—

## FINDINGS OF FACT

(1) In the late evening hours of April 7, 1992, a police officer observed the petitioner operating his motor vehicle in an erratic manner on Pennsylvania Route 940 in the Borough of Mount Pocono, Monroe County, Pennsylvania.

(2) When the officer stopped petitioner's vehicle, he detected a strong odor of alcohol on his breath and observed that his eyes were bloodshot. Although the petitioner spoke to the officer in Polish, when the officer asked him to perform field sobriety tests, he responded in English "test yes, test okay."

(3) When the petitioner was unable to perform successfully both field sobriety tests, the officer placed him under arrest for driving under the influence of alcohol. When the officer requested the petitioner to provide a breath sample on a portable testing device maintained in the patrol car, the petitioner complied and the breath sample resulted in a reading of .12 percent blood alcohol.

(4) When the officer drove the petitioner to the police station, he explained the Implied Consent Law and requested a blood sample for a blood alcohol test. Although the petitioner has resided in the United States for more than three years, he advised the police officer that he did not understand the request. The police officer contacted a local college professor fluent in Polish and explained his request over the phone to the professor. The professor then spoke with the petitioner over the telephone in Polish and explained the officer's request. The petitioner became quite agitated with the college professor and advised him to tell the officer "no test." Although the professor offered further assistance in translating the

officer's request, the petitioner emphatically refused any further assistance from the professor.

(5) When the petition still refused to provide a blood sample, he was advised that a refusal was being recorded and his operating privileges would be suspended for one year.

## DISCUSSION

The Pennsylvania Motor Vehicle Code provides in pertinent part as follows:

"(a) *General rule*—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

"(1) while under the influence of alcohol or a controlled substance or both; or

"(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

"(b) *Suspension for refusal*—

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer,

the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

"(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons." 75 Pa.C.S. §1547.

In order to sustain a license suspension under section 1547(b)(1) of the Code, the department must prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was specifically warned that a refusal to do so would result in a license suspension. *PennDOT v. Potter,* 118 Pa. Commw. 524, 545 A.2d 979 (1988). In the case at bar, all of these elements have been proven by the Department of Transportation.

Although the petitioner did not testify at hearing, his counsel claims that his refusal to provide a blood sample resulted from his inability to understand the English language. Thus counsel for petitioner argues that this case falls within the holding in *PennDOT v. Kyong Rod Yi,* 128 Pa. Commw. 117, 562 A.2d 1008 (1989). However, we reject this contention for two reasons. First, petitioner has not met his burden of proof of establishing that his difficulty with the English language was the reason for his refusal. Further, in this case, the officer took all steps reasonably suited to fully inform the petitioner of his rights and the consequences thereof. The police officer went to the extent of contacting a local college professor to translate for the petitioner. However, the petitioner refused to avail himself of this opportunity and, therefore, we do not find credible his claim that his refusal was premised on a misunderstanding of language. Therefore,

we conclude as did the court in *Im v. PennDOT,* 108 Pa. Commw. 206, 529 A.2d 94 (1987), that the petitioner made a knowing and conscious refusal to submit to a breathalyzer test.

## CONCLUSIONS OF LAW

(1) The police officer had probable cause to arrest the petitioner for driving under the influence of alcohol.

(2) The petitioner was requested to submit a blood sample for a blood alcohol analysis and advised that his operating privileges would be suspended for a period of one year if he refused to submit to the test.

(3) The petitioner failed to establish that his refusal was due to a misunderstanding of language.

(4) The petitioner made a knowing and conscious refusal to submit to the breathalyzer test.

## ORDER

And now, June 29, 1992, the appeal of Janusz Piasecki from the order of the Department of Transportation of the Commonwealth of Pennsylvania suspending his operating privileges for a period of one year is dismissed and the supersedeas heretofore entered is terminated.