631 A.2d 751

CITY OF PITTSBURGH, a municipal corporation, and School District of Pittsburgh, a first class A School District

v.

OPEN DOORS FOR THE HANDICAPPED, Appellant.

Commonwealth Court of Pennsylvania.

Argued March 1, 1993.

Decided Aug. 26, 1993.

Dolores Innamorato, for appellant.

Ronald H. Pferdehirt, Asst. City Sol., for appellee, City of Pittsburgh.

Before COLINS and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Open Doors for the Handicapped (ODH) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which denied its motion for post-trial relief and entered judgment on a non-jury verdict in favor of the City of Pittsburgh and School District of Pittsburgh (jointly referred to as the City). We affirm.

ODH is a non-profit organization located in the City which serves as an advocate for disabled individuals in attempting to

increase public awareness surrounding the problems faced by such individuals. The City initiated this action against ODH on March 27, 1991 for failure to pay city and school district taxes due for the 1986 tax year.

The tax liability in question arose from ODH's employment of drivers, mechanics and others to operate a paratransit service for the elderly and disabled. Despite withholding city and school district taxes from its employees' compensation, ODH allegedly neither filed tax returns required by The Local Tax Enabling Act,[1] or the City of Pittsburgh Code (Code), nor remitted to the City Treasurer the withheld local income taxes amounting to $10,138.28.

The City instituted a civil action in the arbitration division of the trial court to recover the withheld earned income taxes from ODH. Following a hearing on May 28, 1991, the arbitration board entered an award in favor of the City in the amount of $19,334.49, including interest, penalties and costs.

ODH filed an appeal de novo and a non-jury trial was held on March 12, 1992 before the trial court. A non-jury verdict was entered in favor of the City in the amount of $20,138.75.

On March 26, 1992, ODH filed a motion for a new trial or judgment n.o.v. arguing that the trial court erred in failing to sustain ODH's objections concerning the evidence offered by the City as proof that the taxes were not paid. Had the objections been sustained, ODH asserted, the trial court would be compelled to enter judgment in favor of ODH on the basis of ODH's statute of limitations defense. By order dated June 16, 1992, the trial court denied ODH's motion for post-trial relief.[2]

On appeal, ODH presents two issues for our consideration: (1) whether the trial court erred in admitting testimony at the trial which supported the conclusion that ODH failed to file tax returns and remit withheld income taxes to the City

1. Act of December 31, 1965, P.L. 1257, 53 P.S. §§ 6901–6924.

2. ODH appealed the denial of post-trial relief to our Superior Court. The appeal was transferred to this court pursuant to a motion filed by the City.

Treasurer; and (2) if the testimony was inadmissible, whether the statute of limitations precludes an action against ODH to recover the taxes.

ODH argues that the City's suit for collection of the local earned income taxes was not instituted within the three-year period set forth by section 211.02 of the Code, which provides:

## TIME LIMITATION TO COMMENCE SUIT; EXCEPTIONS

Any suit brought to recover the tax imposed by this Title shall be begun within three years after such tax is due or within three years after the declaration or return has been filed, whichever date is later....

However, one of the exceptions to this limitation is enunciated in section 211.02(a), which states:

Where no declaration or return was filed by any person although a declaration or return was required to be filed under the provisions of this Title, there shall be no limitation.

The City commenced the suit to recover taxes due for the 1986 tax year in March, 1991. Aware that this was beyond the three-year time limitation under section 211.02, the City attempted to prove at the trial that no returns were ever filed by ODH. In so doing, the City relied on the exception set forth in section 211.02(a) which allowed that if the taxing body proved that the taxpayer failed to file a return for the designated year, an action could be maintained without a time limitation.

To establish the fact that no returns were filed by ODH for tax year 1986, the City presented the testimony of Darlene Thurner, a city auditor, at the hearing. Ms. Thurner testified that she was not the custodian of the City tax files, but examined the same and determined that no tax returns filed by ODH were contained in the file. Ms. Thurner further testified that she was able to determine the amount of tax due by examining the 1986 W–2 wage and tax statements prepared by ODH.

ODH objected to Ms. Thurner's testimony as inadmissible hearsay but, as previously stated, its motion to strike was denied. ODH based its objection on the theory that Ms. Thurner was orally testifying to the existence or non-existence of records which were not presented in court, not subject to cross-examination or inspection, and not under the custody of Ms. Thurner.

ODH argues on appeal that what it calls the Official Records Act (Act),[3] sections 6103 and 6104 of the Judicial Code, which governs the evidentiary presentation of government records, precludes the oral testimony of a non-custodian for the purposes of proving the contents of a government file. The Act provides a method for a government authority to prove the existence of or non-existence of a fact by providing a written statement that the records were examined and no such documents were found. Section 6103(b) of the Act provides as follows:

**Proof of official records**

**(b) Lack of Record.**—A written statement that after an examination of the records of the government unit no record or entry of a specified tenor is found to exist in the records designated by the statement, authenticated as provided in subsection (a), *is admissible* as evidence that the records contain no such records or entry. (Emphasis added.)

In this case, no such written statement was provided by the City. Instead, ODH argues, evidence in the form of hearsay oral testimony was offered as a substitute. As a result, ODH claims, the City did not meet its burden and should therefore not be afforded the presumption that it commenced this suit within the three-year statutory limitation.

In contrast, the City argues that section 6103(b) merely provides an optional method of proving the lack of an official record through use of a written statement, but does not mandate that method as the exclusive manner of proof. We agree.

3.  42 Pa.C.S. §§ 6103–6104.

■  Section 6103 provides an uncomplicated method of proving the lack of public records. However, section 6103(b) is not exclusionary and should not be read as establishing the only acceptable method of proving the lack of an official record. We believe that the statute is intended to permit a specific method of proof which may reduce the burden often placed on public employees and their productivity when said individuals are required to testify in person as to the existence or non-existence of official records under their custody.

■  The City bears the burden of showing the non-existence of any record which would indicate that ODH failed to file the required tax returns or pay the associated tax due. *See Groff v. Department of Transportation,* 78 Pa.Commonwealth Ct. 580, 467 A.2d 1224 (1983). Rather than utilize a written statement, the City chose to prove its case by offering the live testimony of Ms. Thurner, an auditor whose responsibilities included the examination and audit of the tax files at issue in the present matter.

Ms. Thurner testified that she was assigned to work on the ODH tax delinquency and was personally familiar with the account. Ms. Thurner further stated that she examined the City tax files and found no record of any tax returns or payments made on behalf of ODH for the tax year 1986.

We believe that Ms. Thurner's testimony was sufficient to establish that (1) ODH had withheld local earned income taxes from the compensation paid to its employees during 1986 in the amount of $10,138.28; (2) ODH had not remitted these taxes to the City Treasurer; and (3) ODH had not filed quarterly or monthly tax returns during 1986.

Therefore, the trial court did not err in holding that the evidence was admissible and that, by operation, ODH's statute of limitations defense was inapplicable under section 211.02(a) of the Code.

Accordingly, the order of the trial court denying ODH's motion for post-trial relief is affirmed.

## ORDER

NOW, this 26th day of August, 1993, the order of the Court of Common Pleas of Allegheny County, dated June 16, 1992, at No. 2427 of 1991, is affirmed.

PELLEGRINI, J., did not participate in the decision in this case.